**Opinion issued July 23, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00510-CV

_____

**THOR ALAN FOSTER, Appellant**

**V.**

**VIVIAN MARIE WISE, Appellee**

---

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Case 2023-83384**

---

## MEMORANDUM OPINION

Vivian Wise applied for a protective order against her ex-boyfriend, Thor Foster. Among other allegations, the application alleged that Foster had physically abused Wise. When Foster did not appear at the hearing, the trial court entered a

default judgment granting Wise a lifetime protective order against Foster. Foster now brings this restricted appeal challenging the default judgment.

A restricted appeal is one method available to challenge a default judgment. TEX. R. APP. P. 30. To prevail, the appellant must show four things: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020).

The parties agree that Foster meets the first three of these requirements. The only disputed issue is whether error is apparent on the face of the record. Foster raises three points of error claiming the record shows that he was not properly served with notice of the hearing. If the record does not affirmatively show that Foster received statutorily required notice, that would be error on the face of the record requiring reversal. *Pilcher v. Maddox*, 695 S.W.3d 683, 688–89 (Tex. App.—Houston [1st Dist.] 2024, no pet.); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) ("For well over a century, [the Texas Supreme Court] has required that strict compliance with the rules of service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack.").

Foster's first complaint goes to the statutorily required notice of an application for protective order. *See* TEX. FAM. CODE § 82.043. The required contents of a notice of application are specified in Family Code Section 82.041, and a record that does not show these requirements were met will result in reversal on a restricted appeal. *Pilcher*, 695 S.W.3d at 688–89.

While the record does not contain a document titled "Notice of Application," the citation that was served on Foster has the required notice information, such as the date and time of the hearing and the warning that if Foster did not appear at the hearing he would be subject to default judgment. The parties agree that the citation in this case was intended to serve as a notice of application, and that sufficiency of the notice is determined by its content not its title.

In his first two points, Foster claims the citation was defective as notice because it was not, as required by Section 82.041(a)(2), "signed by the clerk of the court under the court's seal." The citation has the seal of the district court of Harris County, the name and address of the elected Harris County District Clerk, and, following the word "By:", a deputy clerk's name in stylized font.

Foster points out this does not comply with Rule of Civil Procedure 21(f)(7), which requires an "/s/" in front of a typed name for it to be a signature. TEX. R. CIV. P. 21(f)(7). However, Rule 21(f)(7) applies only to documents that are "electronically served, filed, or issued by a court or clerk." *Id*. The citation was not

3

electronically served, filed, or issued. The document in the record has a service return stating a copy was hand delivered to Foster. Foster does not explain why the rules for electronic documents should apply here, and we do not believe they do.

Under ordinary legal principles, the deputy clerk's typed name here is a signature. *Thang v. Defy Int'l, LLC*, 712 S.W.3d 647, 664 (Tex. App.—Houston [14th Dist.] 2025, no pet.) ("Although a signature is traditionally 'the name of the signer, handwritten in ink,' a signature may also be 'written in pencil, typed, printed, made with a rubber stamp, or impressed into the paper.'") (quoting RESTATEMENT (SECOND) OF CONTRACTS § 134 cmt. a.; *see Joseph v. Jack*, 624 S.W.3d 1, 9 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (deputy's handwritten name on service return was valid signature); *Payne & Keller Co. v. Word*, 732 S.W.2d 38, 40 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (file stamp including officer's name was valid signature for service return). Foster does not cite authority that a specialized definition of "signature" applies to Section 82.041(a)(2). We overrule his first two points.

In his third point, Foster raises several complaints about the service return. He claims the record does not show he was served with the notice and application: "The face of the record in this case indicates that it cannot be determined what, if anything, Mr. Foster received in advance of the January 8, 2024 default judgment hearing…."

4

The citation in the record has an authorized person service return showing the notice Foster received for the relevant hearing. The return states that the process server personally delivered to Foster a copy of the "CITATION & APPLICATION FOR PROTECTIVE ORDER and A copy of the Application for Protective Order & Temporary Ex Parte Order" on December 28, 2023 at 12:40 P.M.

Foster contests this is not sufficient to show service because the record contains an "Application for Protective Order," filed on December 1, and an "Amended Application for Protective Order" filed on December 15. While the citation says it was attached to the application filed on December 15, Foster claims the authorized person form does not establish which application he received, thus the record is insufficient to show that the trial court had personal jurisdiction over him.

On the facts of this case, it does not matter which application was served on December 28. Both the original and amended applications name Foster as the respondent and request the same relief. The only difference is that the amended petition included additional evidence.

When a party has been served with an original petition, for purposes of jurisdiction, new citation for an amended petition is necessary for a non-appearing party only when the amended petition seeks a more onerous judgment than prayed for in the original petition. *Seely v. KCI USA, Inc.*, 100 S.W.3d 276, 278 (Tex.

App.—San Antonio 2002, no pet.) (citing *Weaver v. Hartford Accident & Indem. Co.*, 570 S.W.2d 367 (Tex. 1978)). That was not the case here. Service of either the original or amended petition would have given the trial court personal jurisdiction.

The record contains evidence of two other service attempts that went awry. The appellant suggests that these cast doubt on the veracity of the authorized person return for the service regarding the January 8 hearing. However, in a restricted appeal we look only for error on the face of the record. "A restricted appeal requires error that is apparent on the face of the record; error that is merely inferred will not suffice." *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009). "We are prohibited from assigning error based on inferences." *Dole v. LSREF2 APEX 2, LLC*, 425 S.W.3d 617, 625 (Tex. App.—Dallas 2014, no pet.) (rejecting claim that other documents in record cast doubt on facially valid service). If the authorized person return for the service related to the January 8 hearing was inaccurate, that is not apparent on the face of the record.

Foster's final complaint regards the notary's signature on the authorized person return. According to Foster, the verification states the process server signed it on January 7, but the notary's signature is dated January 4. By our review of the record, the notary's handwritten date contains an ambiguous numeral that could be either a 4 or 7. However, it does not matter because Rule 107 does not require an authorized person return to state the date it was verified before a notary; thus, any

error in the notary's date would not affect jurisdiction. *Mohammad v. Sanchez-Rangel*, No. 05-21-01081-CV, 2023 WL 4311060, at \*4 (Tex. App.—Dallas July 3, 2023, no pet.) (so holding in case where process was served on November 14, 2020, but jurat stated notary signed return on October 16, 2020). We overrule the appellant's third point.

## Conclusion

We affirm the trial court court's judgment.

Clint Morgan
Justice

Panel consists of Justices Guerra, Gunn, and Morgan.